**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| YAZZAN QAWASMI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC., ROBERT D. ISOM, DEVON E. MAY, and VASU S. RAJA,<br><br>Defendants. | Case No.: 4:24-cv-00673-TRM |
| JOHN A. THORNBURG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES GROUP INC., ROBERT D. ISOM JR., DEVON E. MAY, DAVID G. SEYMOUR, GANESH JAYARAM, COLE BROWN and VASU S. RAJA,<br><br>Defendants. | Case No.: 4:24-cv-00823-RCO |

**DOMINIK DUMANCIC's MEMORANDUM OF LAW FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

SUMMARY ........................................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2

FACTUAL BACKGROUND ............................................................................................... 2

PROCEDURAL BACKGROUND........................................................................................ 4

ARGUMENT ........................................................................................................................ 4

    I.      Consolidation of the Actions Is Appropriate ................................................... 4

    II.     Appointing Movant as Lead Plaintiff is Appropriate ...................................... 5

         A.     Movant Filed a Timely Motion in Response to a PSLRA Notice .......................... 6

         B.     Movant Has the Largest Financial Interest ................................................. 7

         C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ............................................................................................ 7

              1.     Movant's Claims Is Typical With the Claims of the Class............................. 8

              2.     Movant Is An Adequate Representative ......................................................... 9

    III.    Approving Movant's Choice of Counsel is Appropriate .......................................... 10

CONCLUSION.................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Abouzied v. Applied Optoelectronics, Inc.*,
2018 WL 539362 (S.D. Tex. Jan. 22, 2018) ........................................................................ 2

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.) .............................................................................................. 11

*Ferrari v. Impath, Inc.*,
2004 WL 1637053 (S.D.N.Y. July 15, 2004) ..................................................................... 5

*Ferreira v. Funko, Inc.,*
No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal. June 11, 2020)..................... 1

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) .................................................................................... 8

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ................................................................ 11

*Hohenstein v. Behringer Harvard REIT I, Inc.*,
No. 12-cv-3772, 2012 WL 6625382 (N.D. Tex. Dec. 20, 2012)........................................ 10

*Hom v. Vale, S.A.,*
Nos. 1:15-cv-9539-GHW, et. al., 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ...................... 1

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)................................................................... 11

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)............................................................................................ 5

*Makhlouf v. Tailored Brands, Inc.*,
2017 WL 1092311 (S.D. Tex. Mar. 23, 2017).................................................................... 6

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) .................................................................... 11

*Martingano v. Am. Int'l Grp., Inc.,*
Nos. 06-cv-1625-JG-JMA, 2006 WL 1912724 (E.D.N.Y. July 11, 2006).............................. 5

*Parker v. Hyperdynamics Corp.*,
No. 4:12-CV-999, 2013 WL 623164 (S.D. Tex. Feb. 19, 2013) .......................................... 9

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) .................................................................. 11

*In re Plains All Am. Pipeline, L.P. Sec. Litig.,*
  2015 WL 8207331 (S.D. Tex. Dec. 7, 2015) ............................................................................ 8

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
  No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ........................................................................ 11

*Solomon v. Peloton Interactive, Inc. et al.,*
  No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ........................................................................ 11

*Stirman v. Exxon Corp.,*
  280 F.3d 554 (5th Cir. 2002) .................................................................................................. 8

*In re Tesla Inc. Securities Litigation,*
  No. 3:18-cv-4865 (N.D. Cal.) ............................................................................................... 11

*Thant v. Rain Oncology Inc. et al.,*
  5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) .............................................................................. 11

*Thant v. Veru, Inc. et al.,*
  No. 1:22-cv-23960 (S.D. Fla. July 27, 2023) ....................................................................... 11

*In re U.S. Steel Securities Litigation,*
  No. 2:17-579-CB (W.D. Pa.) ................................................................................................. 11

*Villanueva v. Proterra Inc. et al.,*
  No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ...................................................................... 11

*In re Waste Mgmt. Sec. Litig.,*
  128 F. Supp. 2d 401 (S.D. Tex. 2000) .................................................................................... 8

*Weltz v. Lee,*
  199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................................... 5

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................... *passim*

## SUMMARY

Movant respectfully submits the following argument in support of his Motion, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, for: (1) consolidation of the above-captioned actions (the "Actions"), (2) appointment as Lead Plaintiff; and (3) approval of his selection of counsel on behalf of all investors who purchased or otherwise acquired American Airlines Group Inc. ("American" or the "Company") securities between July 20, 2023 to May 28, 2024, inclusive (the "Class Period")[1]. Movant seeks to recover damages under and pursuant to Sections 10(b) and 20(a) of the Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), against Defendants American, Robert D. Isom ("Isom"), Devon E. May ("May"), David G. Seymour ("Seymour"), Ganesh Jayaram ("Jayaram"), Cole Brown ("Brown), and Vasu S. Raja ("Raja") (collectively "Defendants").

Pursuant to the PSLRA, the class member who possesses the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members. The most adequate plaintiff shall be appointed as lead plaintiff to lead the litigation. Movant believes that he is the "most

---

[1] The action entitled *Qawasmi v. American Airlines Group Inc., et. al.,* Case No. 4:24-cv-00673-TRM (the "*Qawasmi* Action") defines the Class Period as Novem January 25, 2024 through May 28, 2024, inclusive. The action styled *Thornburg v. American Airlines Group Inc., et al.,* Case No. 4:24-cv-00823-RCO (the "*Thornburg* Action") defines the Class Period as July 20, 2023 through May 28, 2024, inclusive. Movant adopts the most-inclusive Class Period defined in the *Thornburg* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *2 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff based on the financial losses suffered as a result of Defendants' wrongful conduct. Moreover, Movant satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), as his claims are typical of other Class members' claims, and he will fairly and adequately represent the interests of the Class. *See generally Abouzied v. Applied Optoelectronics, Inc.*, 2018 WL 539362, at *2 (S.D. Tex. Jan. 22, 2018). In addition, Movant's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Condon Tobin Sladek Thornton Nerenberg PLLC ("CTSTN") as Liaison Counsel should be approved, as these firms have substantial expertise and experience in securities and class action litigation.

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether the Actions involve substantially similar issues of fact and law and should be consolidated;

2.      Whether Movant meets the requirements under the PSLRA to be appointed Lead Plaintiff; and

3.      Whether Movant's choice of Lead Counsel and Liaison Counsel should be approved.

## FACTUAL BACKGROUND[2]

American, through wholly-owned subsidiaries and third-party regional carriers under the American Eagle banner, operates as a network air carrier, providing scheduled air transportation passenger and cargo services throughout the US and in various other countries around the world. ¶ 20.

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Qawasmi* Complaint") filed in the *Qawasmi* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Qawasmi* Complaint. The facts set forth in the *Qawasmi* Complaint are incorporated herein by reference.

2

The statements in Paragraphs 22 to 26 of the *Qawasmi* Complaint were false and/or materially misleading. Defendants created the false impression that they possessed reliable information pertaining to the Company's projected revenue outlook and anticipated growth while also minimizing risk from seasonality and macroeconomic fluctuations. ¶ 28. In truth, American's optimistic reports of growth relied far too heavily on inflated demand assumptions allegedly stemming from the implemented changes to their sale and distribution strategy which had downsized the Company's sales and distribution channels to redirect consumers solely to their online platform. *Id.*

On the evening of May 28, 2024, after the market closed, Defendants issued an announcement indicating both the prompt termination of the Company's Chief Commercial Officer, Vasu Raja, and a significant reduction in American projected outlook for the second quarter. ¶ 29.

On the morning of May 29, 2024, American conducted its conference presentation at Bernstein's 40th Annual Strategic Decisions Conference, regarding the announcements American made the day prior. ¶ 30.

The aforementioned press releases and statements made by the Individual Defendants are in direct contrast to statements they made during the January 25 and April 25, 2024 earnings calls. ¶ 33. On those calls, Defendants continually praised and de-risked their decision to revamp the Company's sales and distribution strategy, dismantling the previous system to drastically reducing sale and distribution expenses while allegedly resulting in a significant increase in consumer demand. *Id.*

Investors and analysts reacted immediately to American's revelations. ¶ 34. The price of American's common stock declined dramatically. *Id.* From a closing market price of $13.44 per

3

share on May 28, 2024, American's stock price fell to $11.62 per share on May 29, 2024, a decline of more than 13.5% in the span of just a single day. *Id.*

## PROCEDURAL BACKGROUND

Plaintiff Yazzan Qawasmi ("Plaintiff") commenced the above-captioned *Qawasmi* Action against American in this Court on July 18, 2024. On that same day, Levi & Korsinsky, counsel for Plaintiff published a notice on *Globe Newswire* (the "Notice"), announcing that a securities class action had been initiated against Defendants, herein, and advising investors in American that they had 60 days to seek appointment as lead plaintiff. *See* Declaration of Stuart L. Cochran in Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Counsel (the "Cochran Decl.") at Exhibit ("Ex.") C.

On August 28, 2024, a substantially similar action was filed against American in this Court, the *Thornburg* Action. Movant has requested consolidation of the *Qawasmi* and *Thornburg* Actions.

## ARGUMENT

### I.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131

4

(S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 WL 1912724, at *1-2 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 WL 1637053, at *1 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

## II.     Appointing Movant as Lead Plaintiff is Appropriate

The PSLRA provides the procedure for appointing a lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action (i) by not later than 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—i.e., the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof by a "purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)     will not fairly and adequately protect the interests of the class; or

(bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Movant satisfies all of the foregoing criteria. Movant has filed a Motion to be appointed as Lead Plaintiff and has, to the best of his knowledge, the largest financial interest sought by any class member in this litigation. In addition, Movant meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Makhlouf v. Tailored Brands, Inc.,* 2017 WL 1092311, at *9 (S.D. Tex. Mar. 23, 2017).

A.     **Movant Filed a Timely Motion in Response to a PSLRA Notice**

On July 18, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A), the Notice of the pendency of the *Qawasmi* Action was published on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against Defendants,

6

herein, and advising purchasers of American securities that they had until September 16, 2024 to file a motion to be appointed as lead plaintiff.

Movant filed this motion pursuant to the Notice and within the 60-day period following publication. Movant has also submitted a sworn certification attesting to his purchases of American securities and stating that he is willing to serve as Class representative and to provide testimony at deposition and trial, if necessary. *See* Cochran Decl., Ex. A. By making a timely motion in response to a published PSLRA notice, Movant satisfies the first PSLRA requirement to be lead plaintiff.

B.    **Movant Has the Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

During the Class Period, Movant purchased a total of 218,589 shares, at a total cost of $3,167,244.39, and suffered approximately $819,669.04 using a last-in-first-out ("LIFO") analysis and under a *Dura* LIFO analysis when excluding intra-Class Period gains and losses on sales occurring before a corrective disclosure. *See* Cochran Decl., Ex. B. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. Movant, thus, satisfies the second PSLRA requirement—the largest financial interest in the relief sought by the Class.

C.    **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must

"otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Plains All Am. Pipeline, L.P. Sec. Litig.,* 2015 WL 8207331, at \*3-4 (S.D. Tex. Dec. 7, 2015). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997).

### 1. Movant's Claims Is Typical With the Claims of the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because he suffered the same injuries as the absent Class members, he suffered as a result of the same course of conduct by Defendants, and his claims are based on the same legal issues. *See In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000). Importantly, the typicality requirement of Rule 23 does not require the lead plaintiff to be identically situated with all class members in order to satisfy typicality. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Movant's claims are typical with the claims asserted by the proposed Class. Like all

8

members of the Class, Movant alleges that Defendants violated the federal securities laws by disseminating materially misleading statements concerning the operations and financial performance of American. Movant, like all of the members of the Class, purchased American shares at prices artificially inflated by Defendants' alleged misstatements and omissions and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the claims of the Class, satisfies the typicality requirement of Rule 23(a)(3).

### 2. Movant Is An Adequate Representative

Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that he will vigorously pursue the interests of the Class. *See Parker v. Hyperdynamics Corp.*, No. 4:12-CV-999, 2013 WL 623164, at *3 (S.D. Tex. Feb. 19, 2013) (losses suffered ensure lead plaintiff will adequately represent absentee class members). Finally, Movant retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for

approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). *See id.* (selection of "law firms that are competent at and experienced in prosecuting securities class actions" evidence of adequacy). Therefore, Movant will prosecute the Actions vigorously on behalf of the Class.

Moreover, Movant is an adequate representative for the Class. Movant obtained a business degree from the Crummer Graduate School of Business in Winter Park, Florida. He owns and operates a small trucking business. Prior to starting his own business, Movant was a Vice President in the Finance Department of Fifth Third Bank with additional banking experience prior to that. Movant has been investing for approximately 15 to 20 years.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from the Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Actions.

## III.   Approving Movant's Choice of Counsel is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the court's approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a court should interfere with the lead plaintiff's selection "only when necessary 'to protect the interests of the class.'" *Hohenstein v. Behringer Harvard REIT I, Inc.*, No. 12-cv-3772, 2012 WL 6625382, at *3 (N.D. Tex. Dec. 20, 2012).

Here, Movant has retained Levi & Korsinsky to serve as Lead Counsel and CTSTN to serve as Liaison Counsel on behalf of the Class. As reflected in the accompanying firm résumés, Levi & Korsinsky and CTSTN possess extensive experience and expertise in securities litigation

10

and have the necessary resources to efficiently and effectively prosecute the Actions. *See* Cochran Decl., Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp. Securities Litigation,* No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his motion

11

and enter an Order: (1) consolidating the Actions; (2) appointing Movant as Lead Plaintiff; (3) approving Movant's selection of Levi & Korsinsky as Lead Counsel and CTSTN as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: September 16, 2024                    Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

*/s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: 214-265-3800
Facsimile: 214-691-6311
Email: scochran@condontobin.com

*Liaison Counsel for Movant and Proposed Liaison Counsel the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Movant and Proposed Lead Counsel for the Class*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, September 16, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran
