UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| YAZZAN QAWASMI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES GROUP INC., et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-cv-00673-Y<br><br><u>CLASS ACTION</u> |
| JOHN A. THORNBURG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES GROUP INC., et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-cv-00823-O<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

4860-9691-1332.v1

## I.      INTRODUCTION

Two related securities class action lawsuits are pending in this District on behalf of purchasers or acquirers of American Airlines Group Inc. ("American Airlines" or the "Company") securities alleging wrongdoing under the Securities Exchange Act of 1934 ("Exchange Act") between July 20, 2023 and May 28, 2024 (the "Class Period"): *Qawasmi v. American Airlines Group Inc.*, No. 4:24-cv-00673 (W.D. Tex.) and *Thornburg v. American Airlines Group Inc.*, No. 4:24-cv-00823 (N.D. Tex.) (the "Related Actions").

In securities class actions such as these, the Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  John A. Thornburg and Van S. Nguyen should be appointed as lead plaintiff because they timely filed a motion; have a substantial financial interest in the outcome of this litigation; and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Thornburg and Nguyen's selection of Robbins Geller Rudman & Dowd LLP as lead counsel and Joe Kendall of Kendall Law Group, PLLC as local counsel should be approved because they possess extensive experience prosecuting complex securities class actions and will adequately represent the interests of all class members.

## II.    FACTUAL BACKGROUND

American Airlines operates as a network air carrier, which provides scheduled air transportation services for passengers and cargo through its hubs.  American Airlines' common stock trades on the NASDAQ under the ticker AAL.

The complaints allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) the new distribution capability sales strategies that American Airlines adopted were not sustainable because they alienated travel agencies and the corporate customers who were among the airlines' highest spending customers, drove away lucrative corporate customers, and ultimately diminished American Airlines' revenues; and (ii) as a result, American Airlines' business metrics and financial prospects were not as strong as indicated in its Class Period statements.

On May 28, 2024, American Airlines reported that it was parting ways with its Senior Vice President and Chief Commercial Officer, defendant Vasu S. Raja, the executive behind American Airlines' efforts to revamp the Company's sales approaches in order to increase profitability to address the massive debt American Airlines had taken on during the Covid-19 pandemic.  American Airlines also reported its first quarter 2024 financial results, disclosing that it had swung to a huge loss, despite having achieved record-breaking revenues, and further revealed that the Company was slashing its second quarter 2024 financial guidance, stating that it only expected adjusted earnings of $1.00 to $1.15 per share, down from its previous range of $1.15 to $1.45 per share.  American Airlines also announced that its second quarter 2024 operating margin would come in approximately 1 percentage point lower than it had previously promised, as revenue per available seat mile was then tracking well below the Company's previous outlook.  On this news, the price of American Airlines common stock fell more than 13%, damaging investors.

4860-9691-1332.v1

Due to defendants' wrongful acts and omissions, and the declines in the market value of the Company's common stock, Thornburg and Nguyen and other putative class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   The Court Should Consolidate the Related Actions

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. *See* Fed. R. Civ. P. 42(a).

The Related Actions present virtually identical factual and legal issues, alleging common materially false and misleading statements and omissions to investors regarding American Airlines' sales and distribution strategy during overlapping class periods.[1] Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both cases. Thus, consolidation is appropriate here. *See, e.g.*, *Plymouth Cnty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 716 (S.D. Tex. 2021) ("Class action shareholder lawsuits are the quintessential type of cases in which consolidation is appropriate."); *Robison v. Digital Turbine, Inc.*, 2022 WL 17881476, at *2 (W.D. Tex. Dec. 19, 2022) ("the related actions' overlapping, but slightly different, class periods do not prevent consolidation").

### B.   Thornburg and Nguyen Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the

---

[1] The two complaints allege overlapping, but slightly different class period start dates. *Compare Qawasmi*, ECF 1 at ¶1 (alleging January 25, 2024 through May 28, 2024 class period) *with Thornburg*, ECF 1 at ¶1 (alleging July 20, 2023 through May 28, 2024 class period). For purposes of appointing a lead plaintiff, courts generally apply the longest, most inclusive class period. *See, e.g.*, *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 2016 WL 1625774, at *2 (N.D. Tex. Apr. 25, 2016).

4860-9691-1332.v1

Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002). Thornburg and Nguyen meet each of these requirements and should therefore be appointed as lead plaintiff.

### 1.     This Motion Is Timely

On July 18, 2024, the named plaintiff's counsel published notice of this action on *Globe Newswire*, advising potential class members of the pendency of the action, the claims asserted, and the right to seek appointment as lead plaintiff no later than September 16, 2024. *See* Appendix of Exhibits in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel. Thornburg and Nguyen's motion is therefore timely and they are entitled to be considered for appointment as lead plaintiff.

### 2.     Thornburg and Nguyen Have the Largest Financial Interest in the Relief Sought by the Class

Thornburg and Nguyen purchased 341,607 shares of American Airlines common stock during the Class Period, and suffered approximately $588,323 in losses. *See* App., Exs. B-C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest in the

- 4 -

Class Period.  Therefore, Thornburg and Nguyen satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. Thornburg and Nguyen Otherwise Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "Although the inquiry at this stage of the litigation in selecting the Lead Plaintiff is not as searching as the one triggered by a subsequent motion for class certification, the proposed Lead Plaintiff must make at least a preliminary showing that it has claims that are typical of those of the putative class and has the capacity to provide adequate representation for those class members."  *Enron*, 206 F.R.D. at 441.

"Typicality is achieved where the named plaintiffs' claims arise 'from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory.'"  *Id.* (citation omitted).  "The adequacy review '"serves to uncover conflicts of interest between the named plaintiffs and the class they seek to represent."'"  *Id.* (citation omitted).

Here, Thornburg and Nguyen's claims are typical of those of the putative class.  Indeed, like all other members of the class, Thornburg and Nguyen: (1) purchased American Airlines securities during the Class Period; (2) were adversely affected by defendants' false and misleading statements and omissions; and (3) suffered damages thereby.  Additionally, Thornburg and Nguyen have also demonstrated their adequacy by signing sworn Certifications and a Joint Declaration affirming their willingness to serve as, and to assume the responsibilities of, lead plaintiff.  *See* App., Exs. B, D.  As set forth in greater detail in the Joint Declaration, Thornburg and Nguyen understand the obligations of a lead plaintiff to absent class members under the PSLRA and are committed to jointly undertaking the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution.  Thus, Thornburg and Nguyen will vigorously prosecute this action in a cohesive and

- 5 -

coordinated fashion, and possess the ability to supervise and monitor counsel. Because Thornburg and Nguyen filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that Thornburg and Nguyen are the "most adequate plaintiff."

**C.     The Court Should Approve Thornburg and Nguyen's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Thornburg and Nguyen selected Robbins Geller as lead counsel and Joe Kendall of Kendall Law Group, PLLC as local counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation in federal courts across the country and has obtained the two largest PSLRA class action recoveries ever in Texas courts in *Enron*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion) and *In re Dynegy Inc. Sec. Litig.*, No. 4:02-cv-01571 (S.D. Tex.) ($474 million). The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Enron Corp. Sec.*, *Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (commenting that the "experience, ability, and reputation" of the attorneys with Robbins Geller "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Schwartz v. TXU Corp.*, 2005 WL 3148350, at *14 (N.D. Tex. Nov. 8, 2005) (Kinkeade, J.) ("Lead Counsel have amply demonstrated their competence through their representation of Lead Plaintiffs in this action to date, including their

- 6 -

successful negotiation of a $149.75 million settlement of the claims made by Lead Plaintiffs.  This is the largest cash settlement in a securities class action ever in this District.  It is also one of the largest securities class action recoveries ever obtained in the United States in a case not involving a restart of never reported earnings.").  Thornburg and Nguyen's prosecution team also includes local counsel Joe Kendall, who served as co-lead counsel in *Schwartz*.

Thornburg and Nguyen selected lead counsel that, in addition to obtaining the largest securities fraud class action recoveries in the nation and in this Circuit, is responsible for obtaining the largest PSLRA recoveries in the Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]  As such, Thornburg and Nguyen's selection of Robbins Geller as lead counsel and Joe Kendall as local counsel is reasonable and should be approved.

---

[2]   *See Enron* ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit*); Dynegy* ($474 million recovery is second-largest in this District); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit);  *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4860-9691-1332.v1

## IV.    CONCLUSION

The Related Actions involve common issues of law and fact and should be consolidated.  In addition, Thornburg and Nguyen satisfy each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Thornburg and Nguyen respectfully request that the Court appoint them as lead plaintiff and approve their selection of counsel.

DATED:  September 16, 2024

Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL
Texas Bar No. 11260700


*s/ Joe Kendall*
JOE KENDALL

3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)
jkendall@kendalllawgroup.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 8 -

4860-9691-1332.v1