UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| YAZZAN QAWASMI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN AIRLINES GROUP INC., ROBERT D. ISOM, DEVON E. MAY, and VASU S. RAJA <br><br> Defendants. | Civil Action No. 4:24-cv-00673-Y |
| JOHN A. THORNBURG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN AIRLINES GROUP INC., ROBERT D. ISOM JR., DEVON E. MAY, DAVID G. SEYMOUR, GANESH JAYARAM, COLE BROWN and VASU S. RAJA, <br><br> Defendants. | Civil Action No. 4:24-cv-00823-O |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF LUIS VICENTE DAVIDOFF CRACASSO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ......................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT..................................................................................................................................3

     A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL
           PURPOSES...........................................................................................................3

     B.     CRACASSO SHOULD BE APPOINTED LEAD PLAINTIFF ............................4

          1.     Cracasso Is Willing to Serve as Class Representative ................................5

          2.     Cracasso Has the "Largest Financial Interest".............................................6

          3.     Cracasso Otherwise Satisfies the Requirements of Rule 23 of the
              Federal Rules of Civil Procedure ...............................................................7

          4.     Cracasso Will Fairly and Adequately Represent the Interests of the
              Class and Is Not Subject to Unique Defenses.............................................9

     C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
           APPROVED .......................................................................................................10

CONCLUSION.............................................................................................................................11

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
    216 F.R.D. 567 (D.N.J. 2003)........................................................................................6

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) .................................................................................4

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006)......................................................................................8, 9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) .................................................................................4

*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999)...................................................................................8

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) .................................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
    2004 WL 1221353 (E.D. Pa. Jun. 3, 2004)..................................................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)..................................................................6

*In re Comverse Technology, Inc. Securities Litigation*,
    No. 1:06-cv-01825 (E.D.N.Y.) ..................................................................................10

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ......................4

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ...........................................................................6, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................7

*In re Petrobras Securities Litigation*,
    No. 14-cv-09662 (S.D.N.Y.)......................................................................................10

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................................4

ii

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004)....................................................................................6

*Janovici v. DVI, Inc.*,
  No. 03-4795, 2003 WL 22849604 (E.D. Pa. Nov. 25, 2003) ....................................6

*Klein v. Altria Group, Inc. et al*,
  No. 3:20-cv-00075 (E.D. Va.) ..................................................................................10

*Lax v. First Merch. Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .................................................................6

*Malcolm v. Nat'l Gypsum Co.*,
  995 F.2d 346 (2d Cir. 1993)........................................................................................3

*Osher v. Guess
  ?, Inc.*, 2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ............................10

*Qawasmi v. American Airlines Group Inc et al*,
  No. 4:24-cv-00673 (N.D. Tex.) ...............................................................................1, 5

*Riordan v. Smith Barney*,
  113 F.R.D. 60 (N.D. Ill. 1986)....................................................................................9

*Thornburg v. American Airlines Group Inc. et al*,
  No. 4:24-cv-00823 (N.D. Tex.) ...................................................................................1

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 .........................................................9

**Rules**

Fed. R. Civ. P. 23.............................................................................................. *passim*

Fed. R. Civ. P. 42.......................................................................................................1, 3, 8

Movant Luis Vicente Davidoff Cracasso ("Cracasso") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Cracasso as Lead Plaintiff on behalf of persons and entities that purchased or otherwise acquired American Airlines Group Inc. ("American Airlines" or the "Company") securities between July 20, 2023 and May 28, 2024, inclusive (the "Class Period"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and The Briscoe Law Firm, PLLC ("BLF") as Liaison Counsel for the Class.[1]

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Cracasso, with losses of approximately $6,162,258, believes that he has the largest financial interest in the relief sought in the Related Actions. *See* Declaration of Jeremy A Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Cracasso further

---

[1] On July 18, 2024, the first-filed of the Related Actions was filed in this Court, styled *Qawasmi v. American Airlines Group Inc et al*, No. 4:24-cv-00673 (N.D. Tex.) (the "*Qawasmi* Action"), on behalf of a class consisting of all investors who purchased or otherwise acquired American Airlines securities between January 25, 2024 and May 28, 2024, inclusive. *See* Dkt. No. 1 at 2 ¶ 1. Then, on August 28, 2024, the second-filed of the Related Actions was filed in this Court, styled *Thornburg v. American Airlines Group Inc. et al*, No. 4:24-cv-00823 (N.D. Tex.) (the "*Thornburg* Action"), alleging substantially the same wrongdoing as the *Qawasmi* Action against overlapping defendants and on behalf of a class consisting of all purchasers of American Airlines common stock between July 20, 2023 and May 28, 2024, inclusive. *See Thornburg* Action Dkt. No. 1 at 1 ¶ 1. Therefore, to avoid excluding any potential class members, this motion has adopted the larger class definition alleged in the *Qawasmi* Action and the larger class period alleged in the *Thornburg* Action.

satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as he is an adequate representative with claims typical of the other Class members.  Accordingly, Cracasso respectfully submits that he should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, Defendants provided investors with material information concerning American Airlines' expected revenue for the fiscal year 2024. Defendants' statements included, among other things, confidence in the Company's new sales and distribution strategy to reduce internal expenses while simultaneously driving a significant demand increase for the Company's airline services.

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning the true state of American Airlines; notably, that the Company's sales and distribution strategy was not driving the revenue projected.  Instead, it was actually driving customers away from American Airlines as the strategy and its attested poor execution made it more difficult for customers to access the Company's services.  Such statements absent these material facts caused Plaintiff and other shareholders to purchase American Airlines' securities at artificially inflated prices.

The truth emerged after-market on May 28, 2024 when American Airlines reported the prompt termination of its Executive Vice President and Chief Commercial Officer, Vasu S. Raja, along with an abrupt reduction in its short-term guidance.  During a conference presentation on May 29, 2024, the Company attributed its lowered guidance to a softness in consumer bookings, a domestic supply and demand imbalance, and a reduction in capacity growth.  In pertinent part, Defendants announced that the reduced consumer bookings were significantly due to the changes

American Airlines made to their sales and distribution strategy, that they did not execute their strategy properly, and that they will now be modifying their strategy in an attempt to recapture the customers their strategy drove away.  As a result, Defendants reduced their second quarter fiscal year 2024 projections, notably cutting their projections for the Company's operating margin by a full percentage point and adjusted earnings per share for the quarter by more than 17%.

Investors and analysts reacted immediately to American Airlines' revelations.  The price of American Airlines' common stock declined dramatically.  From a closing market price of $13.44 per share on May 28, 2024, American Airlines' stock price fell to $11.62 per share on May 29, 2024, a decline of more than 13.5% in the span of a single day.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Cracasso and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.
> Fed. R. Civ. P. 42(a).  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d

3

Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *1–3 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law ***and*** fact. Each action is brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of American Airlines' securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 WL 2259502, at *2 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

**B.     CRACASSO SHOULD BE APPOINTED LEAD PLAINTIFF**

Cracasso should be appointed Lead Plaintiff because he has the largest financial interest in the Related Actions and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B)

4

of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Cracasso satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Cracasso Is Willing to Serve as Class Representative

On July 18, 2024, counsel for plaintiff in the *Qawasmi* Action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced the pendency of that action and advised investors of American

5

Airlines securities that they had 60 days from the date of the Notice—*i.e.*, until September 16, 2024—to file a motion to be appointed as Lead Plaintiff.  *See* Lieberman Decl., Ex. B.

Cracasso has filed the instant motion pursuant to the Notice and has attached a Certification attesting that he is willing to serve as representative for the Class, and provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl., Ex. C.  Accordingly, Cracasso satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Cracasso Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Cracasso believes that he had the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[2]  The most critical among the Lax Factors is the approximate loss suffered. *See, e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 WL 22849604, at *10-11 (E.D. Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 WL 1221353, at *1 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

---

[2] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

During the Class Period, Cracasso (1) purchased 5,009,000 shares of American Airlines stock and 47,700 American Airlines options contracts; (2) expended $74,479,601 on his purchases of American Airlines securities; (3) retained 4,500,000 shares of American Airlines stock and 33,500 open American Airlines options contracts; and (4) as a result of the disclosures of the fraud, suffered a loss of $6,162,258 in connection with his Class Period purchases of American Airlines securities.  *See* Lieberman Decl., Ex. A.  Because Cracasso possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Cracasso Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y.

1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

The claims of Cracasso are typical of those of the Class. Cracasso alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. Cracasso, as did all members of the Class, purchased American Airlines securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the

8

class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Cracasso is an adequate representative for the Class. There is no antagonism between the interests of Cracasso and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Moreover, Cracasso has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Further demonstrating his adequacy, Cracasso has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his experience working with counsel, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

### 4. Cracasso Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Cracasso as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or

> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

9

The ability and desire of Cracasso to fairly and adequately represent the Class has been discussed above. Cracasso is not aware of any unique defenses defendants could raise that would render him inadequate to represent the Class. Accordingly, Cracasso should be appointed Lead Plaintiff for the Class.

**C.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Cracasso has selected Pomerantz to serve as Lead Counsel for the Class. Pomerantz is a premier firm, highly experienced in the areas of securities litigation and class action lawsuits, which has successfully prosecuted numerous such actions on behalf of investors over its 80+ year history, as detailed in its firm resume. *See* Lieberman Decl., Ex. E. Pomerantz is based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.*

BLF is likewise well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, BLF maintains offices in Dallas and Houston, Texas, and the firm specializes in securities class action matters, among other practice areas. *See id.*, Ex. F. BLF has experience in achieving substantial recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules and practice norms of this District.

As a result of their extensive experience in similar litigation, Cracasso's choice of counsel have the skill, knowledge, expertise, resources, and experience that will enable them to prosecute the Related Actions effectively and expeditiously. The Court may be assured that by approving Cracasso's selection of counsel, the Class members will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Cracasso respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Cracasso as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel and BLF as Liaison Counsel for the Class.

Dated:   September 16, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Luis Vicente Davidoff Cracasso and Proposed Lead Counsel for the Class*

11

12

THE BRISCOE LAW FIRM, PLLC
Willie C. Briscoe
State Bar Number 24001788
12700 Park Central Drive, Suite 520
Dallas, Texas 75251
Telephone: 972-521-6868
Facsimile: 281-254-7789
wbriscoe@thebriscoelawfirm.co

*Counsel for Luis Vicente Davidoff Cracasso and
Proposed Liaison Counsel for the Class*

12

## CERTIFICATE OF SERVICE

This is to certify that on September 16, 2024, I have filed the above and foregoing on the

Court's CM/ECF electronic filing system, and that by virtue of this filing, all attorneys of record

will be served electronically with true and exact copies of this filing:

/s/ *Jeremy A. Lieberman*
Jeremy A. Lieberman

13